UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 18- |
| v. | : |
| ASHLEY FURST, | : |
| Defendant. | : 18 U.S.C. § 1343 (Wire Fraud). |
| | : Forfeiture Allegation: |
| | : 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), |
| | : 21 U.S.C. § 853(p). |

# INFORMATION

The United States Attorney informs the Court:

## COUNT ONE

## WIRE FRAUD

At all times material to this Information:

### Introduction

1. The American Horse Council ("AHC"), located at 1616 H Street, NW, Washington, D.C., was a non-profit, tax exempt, organization whose mission was to promote opportunities for those employed in the horse industry, to educate the public about horse care, and to encourage research through grants to individuals, programs, and organizations.

2. Defendant ASHLEY FURST ("Defendant") was hired by AHC in 2011 as the Office Administrator and later promoted to be the Director of Communications. While employed by AHC, Defendant's responsibilities included public outreach, membership recruitment, and communications, as well as duties typically performed by an Office Administrator, such as maintaining AHC's accounting records, reconciling the monthly bank account statements, transferring on-line donations from AHC's PayPal account to their bank

1

account, providing copies of the bank statements to the members of the Board of Directors, and serving as the sole point of contact for the outside auditors.

### The Scheme

3. From in or about 2012 until in or about June 2018, within the District of Columbia and elsewhere, Defendant ASHLEY FURST, devised and intended to devise a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as more fully described below.

4. It was part of the scheme to defraud that Defendant stole money from AHC using the following methods. First, Defendant paid her own person credit card bills from AHC's BB&T bank account, primarily through on-line debits from the bank account to satisfy Defendant's credit card balance, for approximately $415,202.52. Second, Defendant wrote herself unauthorized checks drawn on AHC's BB&T bank account, typically listing on the memo line a bogus reason for the check, for approximately $83,656.40. Third, Defendant repaid her personal loan at USAA from AHC's funds, for approximately $56,411.43. Fourth, although Defendant was responsible for transferring donations from AHC's PayPal account, she misdirected approximately $60,949.49 to her own account or to pay for personal items. Fifth, Defendant increased her salary without authorization, by approximately $29,875.03.

5. It was a further part of the scheme to defraud that through these five methods, Defendant embezzled approximately $646,094.87 from AHC, however, before the victim discovered the crime, Defendant returned $100,500.00 to AHC, leaving a total embezzlement of $545,594.87.

6. It was a further part of the scheme to defraud that in the spring of 2018, Defendant, without authority from the AHC's Board of Directors, applied for a bank loan through the use of loan documents including a forged Pledged Collateral Agreement.

7. On or about December 1, 2016, in the District of Columbia and elsewhere, Defendant ASHLEY FURST for the purpose of executing and attempting to execute the above-described scheme to defraud, did willfully cause to be transmitted by means of wire communication in interstate commerce from the District of Columbia certain writings, signals, and sounds, that is, online wire debit withdrawals from AHC's bank account at BB&T to Defendant's credit card account in the amount of $11,692.52, without authorization from AHC.

**(Wire Fraud, in violation of
Title 18, United States Code, § 1343).**

**FORFEITURE ALLEGATION**

1. Upon conviction of the offense alleged in Count One of this Information, Defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $545,594.87.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of Defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

Defendant shall forfeit to the United States any other property of Defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p)).**

JESSIE K. LIU

United States Attorney
for the District of Columbia

By: *[signature]*

VIRGINIA CHEATHAM
Assistant United States Attorney
DC Bar # 411980
Virginia.cheatham@usdoj.gov
United States Attorney's Office
Fraud and Public Corruption Section
555 4th Street, N.W., Room 5836
Washington, D.C.  20530
(202) 252-7820